UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12-cv-284-RJC

| | |
|---|---|
| MAURICE ALAN CRAIG, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| HERB JACKSON, Superintendent, ) | |
| ) | |
| Respondent. ) | |
| _____) | |

**THIS MATTER** is before the Court on an initial review of the habeas petition filed pursuant 28 U.S.C. § 2254. See Rule 4 Governing Section 2254 Proceedings.

I.  **BACKGROUND**

Petitioner, a current prisoner of the State of North Carolina, filed this habeas petition challenging his sentence. According to the petition, Petitioner plead guilty to the charge of second-degree murder and he was convicted on April 6, 1994, and sentenced to a term of life-imprisonment. Petitioner did not file a direct appeal. (Doc. No. 1 at 1-2).

On September 6, 2001, Petitioner filed a § 2254 petition in this district contending that changes in the State's sentencing practices had adversely affected his sentence and that his rights to equal protection and due process had therefore been violated. The Court dismissed Petitioner's § 2254 petition, for among other reasons, that Petitioner provided no information regarding his efforts to exhaust his claims in state court. (1:01-cv-210-GCM, Doc. No. 2). Petitioner did not file an appeal from this dismissal.

In 2011, it appears that Petitioner filed a motion for appropriate relief ("MAR") in

1

Buncombe County Superior Court. Petitioner argued that recent changes in the North Carolina Structured Sentencing Act ("SSA") have been made retroactive to cases, such as his, where the defendant was sentenced under the North Carolina Fair Sentencing Act ("FSA"). Petitioner's MAR was denied by the superior court on October 14, 2011. See (Doc. No. 2 at 3: MAR Order).

On December 19, 2011, Petitioner filed a petition for a writ of habeas corpus under North Carolina law, again contending that changes in North Carolina's sentencing laws entitled him to be resentenced. (Doc. No. 1 at 3). The Buncombe County Superior Court denied the writ on January 31, 2011, Petitioner filed a petition for a writ of discretionary review which the North Carolina Court of Appeals denied on March 14, 2012. (Doc. No. 2 at 4-5).

In this federal habeas petition, Petitioner renews his arguments regarding the retroactive nature of changes made to North Carolina's SSA. (Doc. No. 1 at 6). In addition, Petitioner raises claims of due process and equal protection of the law, namely, that it is unconstitutional for one sentenced under the provisions of the FSA to have to serve a harsher sentence than one sentenced under the SSA, as initially enacted, and as amended by the North Carolina General Assembly. In his claim for relief, Petitioner moves the Court to grant the writ of habeas corpus, vacate his sentence, and remand to the Buncombe County Superior Court for resentencing under the provisions of the SSA.

## II.     STANDARD OF REVIEW

Under the Rules Governing 2254 Proceedings, the Court must examine the petition and any attached exhibits. Following this initial consideration, if the Court determines that Petitioner is entitled to no relief, the petition must be dismissed, and the petitioner must be so notified.

## III. DISCUSSION

Petitioner's argument regarding the retroactive application of the SSA, or any the SSA's amendments, is misguided. The FSA governed the sentencing of defendants for crimes committed between July 1, 1981, and October 1, 1994. The SSA's effective date was on October 1, 1994, and applied to all crimes committed on or after that date. See State v. Lee, 745 S.E.2d 73, 75 (N.C. Ct. App. 2013) (citing State v. Whitehead, 365 N.C. 444, 722 S.E.2d 492 (N.C. 2012)). As noted, Petitioner was convicted of second-degree murder on April 6, 1994, and he did not file a direct appeal.

In Whitehead, the court examined nearly identical issues as are presented by Petitioner. Defendant Whitehead filed an amended MAR in 2011, arguing that the 2009 amendments to the SSA should apply retroactively to his case, and thus entitle him to be resentenced. Whitehead, like Petitioner, was convicted of second-degree murder in 1994 and sentenced to life-imprisonment under the provisions of FSA. The state superior court granted the MAR after concluding that the SSA should apply retroactively to Whitehead and his life sentence was thereafter reduced to a term of 157 to 168 months. In reversing the MAR court's order, the North Carolina Supreme Court ruled that the FSA was "a clear and unambiguous statute" and therefore, by its very terms, Whitehead's sentence was governed by the FSA, notwithstanding the enactment of subsequent sentencing laws such as the SSA. Whitehead, 365 N.C. at 444, 722 S.E.2d at 493-94. The court noted that the "legislature has exclusive power to determine the penalogical system of the [State]. It alone can prescribe the punishment for crime." Id., at 446, 722 S.E.2d at 494 (internal quotations and citation omitted).

The federal courts are duly constrained in examining state court resolutions on issues of

state law. As the Supreme Court has noted, "federal habeas corpus relief does not lie for errors of state law." Estelle v. McGuire, 502 U.S. 62, 67 (1991) (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990) (internal citation omitted). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id., at 67-68 (internal citations omitted). Based on the foregoing, the Court finds that Petitioner's argument for retroactivity must be denied.[1]

Finally, Petitioner's argument that his § 2254 petition is timely is unavailing.[2] Petitioner contends that he learned about a ruling from a state superior court which granted the petitioner relief from his sentence which was imposed under the FSA. Finding the new law applicable to petitioner's case, the trial court resentenced the petitioner under the provisions of the SSA.

This order was filed in a MAR proceeding that was initiated in 2007 in Durham County Superior Court. In an order filed April 7, 2007, the superior court found that significant changes supported the petitioner's position that his FSA sentence should be vacated and that he be resentenced under the more favorable provisions of the SSA. Notably, this defendant was convicted of robbery with a dangerous weapon in 1980, and sentenced to life imprisonment while in the present case Petitioner was convicted of second degree murder. (Doc. No. 2 at 6-11). Nevertheless, the superior court's order was filed in 2007, and Petitioner did not file a MAR,

---

[1] Petitioner's arguments regarding equal protection and due process must likewise fail. First, there is no evidence that the individuals sentenced under the FSA are a suspect class. Second, Petitioner raises no reasonable argument that he did not knowingly and voluntarily plead guilty to the crime of second-degree murder or that he was unaware of his potential punishment.

[2] Petitioner contends that the "evidence" to support his claim only recently became known to him, presumably within one year of the date he filed his MAR in 2011. See 28 U.S.C. § 2244(d)(1)(D) (providing for one-year from the date the "factual predicate" to support the claim became known). As discussed above, Petitioner's claim has no merit no matter the date that is was filed so long as the state court's interpretation of state law governs.

4

according to his verified federal habeas petition, until October 14, 2011. (Doc. No. 1 at 2). Petitioner's argument—notwithstanding the superior court's order—must fail because even if Petitioner's § 2254 petition were timely, the adverse state law rulings from North Carolina's appellate courts control the outcome in this case.

For the reasons discussed herein, Petitioner's claims will be denied.

## IV. CONCLUSION

**IT IS, THEREFORE ORDERED** that:

1. The petition for habeas corpus under Section will be **DENIED** and **DISMISSED**. (Doc. No. 1).

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 474, 484 (2000) (holding that when relief is denied on procedural grounds, a petitioner must establish both that the correctness of the dispositive procedural ruling is debatable, and that the petition states a debatably valid claim of the denial of a constitutional right).

The Clerk of Court is directed to close this civil case.

**IT IS SO ORDERED.**

Signed: October 7, 2013

Robert J. Conrad, Jr.
United States District Judge

5